SILER, Circuit Judge.
Petitioner Monya Tate appeals from the district court’s denial of his petition for a writ of habeas corpus. In 1998, Tate was convicted in the Circuit Court of Wayne County, Michigan, on two counts of second degree murder and one count of possession of a firearm during the commission of a felony. After exhausting his appeals in Michigan state courts, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court. He argued, inter alia, that the trial court violated his Sixth Amendment jury trial rights and his Fourteenth Amendment due process rights when it (1) recalled an alternate juror who had been discharged and (2) failed to instruct the jury to begin deliberating anew. The district court granted a certificate of appealability on these claims. Because he has procedurally defaulted the first claim and the second claim fails on the merits, we affirm the denial of his petition for a writ of habeas corpus.
BACKGROUND
Tate was tided for murdering Gregory Mercer and Willie Torrence. The trial court empaneled a jury of 13. After closing arguments and jury instructions, it drew the name of a juror to be designated as an alternate. The trial court then dismissed the alternate juror, but cautioned that she might be called back if necessary. On the morning of the second full day of deliberations, a juror asked the court to excuse her because she had developed a rash. She expressed concern that the rash might be contagious and stated that she had an appointment with a doctor later that day. The trial court excused her and recalled the alternate juror. Before the alternate juror arrived to join the full jury, the trial court gave the following instruction to the remaining 11 members of the jury:
Obviously, you may have to go back, and I’m not going to say go back to square one, but certainly you will have to share ■with the other juror how you have been *522 deliberating, and that juror will then be part of the 12 who will decide the case.
When the alternate arrived, the trial court asked her “[C]an you think of any reason why you couldn’t fairly and reasonably deliberate on this case and be fair to both sides?” She responded, “No, I cannot, your Honor.” The reconstituted jury resumed deliberations with the alternate and reached a guilty verdict.
Tate appealed to the Michigan Court of Appeals, which affirmed his conviction. People v. Tate, 244 Mich.App. 553, 624 N.W.2d 524, 532 (2001). The Michigan Supreme Court then denied leave to appeal because it was not persuaded that the questions should be reviewed. People v. Tate, 465 Mich. 920, 638 N.W.2d 749 (Mich. 2001) (table). The district court denied Tate’s petition for a writ of habeas corpus. ANALYSIS
We review de novo the district court’s denial of a petition for a writ of habeas corpus. Cone v. Bell, 492 F.3d 743, 750 (6th Cir.2007). An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Recalling the Alternate Juror

Tate first argues that the trial court acted unreasonably and contrary to clearly established Federal law when it recalled the alternate juror who had been discharged at the time the jury began its deliberations. However, he procedurally defaulted this claim due to his waiver in the trial court.
A federal claimant’s procedural default precludes habeas review if the last state court rendering a judgment in the case rests its judgment on the procedural default. Harris v. Reed, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). To determine whether a claim has been procedurally defaulted, we apply the four-part test laid out in Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986).
First, the court must determine that there is a state procedural rale that is applicable to the petitioner’s claim and that the petitioner failed to comply with the rule.... Second, the court must decide whether the state courts actually enforced the state procedural sanction .... Third, the court must decide whether the state procedural forfeiture is an “adequate and independent” state ground on which the state can rely to foreclose review of a federal constitutional claim.... Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate ... that there was “cause” for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.
Girts v. Yanai, 501 F.3d 743, 753 (6th Cir.2007) (quoting Maupin, 785 F.2d at 138) (emphasis omitted). The Michigan Court of Appeals held that Tate had waived any argument that the itching juror was improperly removed or replaced. It stated:
Defendant next argues that, even if the court had the discretion to remove the juror, the court was without authority to recall an alternate juror who had been discharged. We again disagree. Defense counsel’s waiver of any error in *523 the removal of the itching juror also operates as a waiver of any error in replacing that juror with an alternate who had been discharged and was recalled.
Tate, 624 N.W.2d at 529.
Tate’s waiver in the trial court meets the Mawpin test for procedural default. He failed to comply with Michigan’s contemporaneous-objection rule by failing to object to the recall of the discharged alternate. The Michigan court enforced the procedural sanction for failure to object contemporaneously because it held that he had waived the argument. While the Michigan Court of Appeals discussed the issue of recalling the juror after concluding it had been waived, id. at 529-30, this analysis “was simply a supplement to its holding that [he] had waived any objection.” Scott v. Mitchell, 209 F.3d 854, 865 (6th Cir. 2000) (concluding that a state court’s discussion of an alternative ground did not undermine actual enforcement of the state procedural ground). Tate’s waiver in the trial court was an adequate and independent state ground, and he has not demonstrated cause nor prejudice stemming from it.

Failure to Instruct the Jury to Begin Deliberations Anew After the Alternate Joined the Jury

Tate claims that the trial court’s failure to instruct the jury to begin deliberating anew after the alternate was recalled and empaneled violates his constitutional rights. While we are satisfied that he did not procedurally default this claim, his claim fails because the trial court’s failure to instruct was not contrary to clearly established Federal law under 28 U.S.C. § 2254(d). Tate argues that Smith v. Phillips, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), and Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), clearly establish Federal law that entitles him to relief. We find this argument unpersuasive.
In Smith, the Supreme Court held that “due process does not require a new trial every time a juror has been placed in a potentially compromising situation.” 455 U.S. at 217, 102 S.Ct. 940. The Court reversed the order granting habeas relief, finding no violation of the right to a fair trial under the Due Process Clause where the prosecutor knew of but failed to disclose the fact that a juror had applied for a job with a law enforcement agency. Id. at 221, 102 S.Ct. 940. In Williams, the Supreme Court held that a state may utilize a six-person jury consistent with the Sixth Amendment’s guarantee of a trial by jury. 399 U.S. at 86, 90 S.Ct. 1893. The Court affirmed the order denying habeas relief because the habeas petitioner was not constitutionally entitled to a twelve-person jury. Id. Neither authority clearly establishes a constitutional right to have the jury instructed to deliberate anew after an alternate is empaneled.
AFFIRMED.